UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN L. RUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-706 CAS |
| ) | |
| NORFOLK SOUTHERN RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Norfolk Southern Railway Company's ("Norfolk Southern") motion to dismiss or, in the alternative, for summary judgment. [Doc. 6] In its motion, defendant argues that plaintiff Shawn Rush, who brings a three-count complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the Missouri Human Rights Act ("MHRA"), is judicially estopped from bringing these claims because he failed to disclose the claims in a prior bankruptcy proceeding.[1]  The motion is fully briefed and ready for disposition.  For the following reasons, defendant's motion will be denied.

*Legal Standard*

The Court finds it necessary to consider evidence outside the pleadings, therefore the Court will treat defendant's motion as a motion for summary judgment.  The standard applicable to a motion for summary judgment is well settled.  Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no

---

[1] In its original motion, defendant also argued plaintiff did not have standing to bring his claims. Defendant withdrew this argument in its reply memorandum.

genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour & Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

*Background*

The Court finds the following facts are undisputed. Plaintiff, who is African American, worked for Norfolk Southern as a conductor. On July 13, 2005, plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Illinois. The bankruptcy court confirmed plaintiff's Chapter 13 plan on October 20, 2005. On October 6, 2006, plaintiff was injured in a motorcycle accident and placed on a leave of absence. On or about July 24, 2007, plaintiff was given an on-site evaluation and was not allowed to return to work. On August 1, 2007, plaintiff's counsel, Eric D. Holland, sent Norfolk Southern a demand letter in which he stated "it is [plaintiff]'s sole intention to return-to-work immediately." The attorney also demanded that plaintiff be given some back-pay.

On August 8, 2007, plaintiff's bankruptcy counsel, Karl J. Wulff, filed a motion with the bankruptcy court to convert plaintiff's Chapter 13 proceeding to a proceeding under Chapter 7. The motion was granted on August 9, 2007. Prior to the conversion, plaintiff states that he informed Mr. Wulff about Norfolk Southern's allegedly discriminatory acts and that he was seeking legal representation, presumably for his discrimination claims. On August 30, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which he alleged Norfolk Southern discriminated against him by failing to allow him to return as a conductor in July 2007.

On October 12, 2007, the bankruptcy trustee conducted an examination pursuant to Section 341 of the Bankruptcy Code. During this hearing, plaintiff, who was under oath, made the following statements:

| | |
|---|---|
| Trustee: | Do you have any lawsuits or claims you could file to recover any money or property? |
| Plaintiff: | No ma'am. |
| Trustee: | Personal injury claims, probate claims, anything like that? |
| Plaintiff: | Nothing. |

At no point did plaintiff amend his bankruptcy petition or schedules to include his claims of employment discrimination against Norfolk Southern. Plaintiff never disclosed to the bankruptcy court or the trustee that he was considering bringing employment discrimination claims against Norfolk Southern.

On December 4, 2007, the bankruptcy court granted plaintiff a discharge under section 727 of Title 11 of the United States Bankruptcy Code. Plaintiff's bankruptcy case was ordered closed on December 17, 2007. Plaintiff received a Notice of Right to Sue from the EEOC, which is dated February 15, 2008, after his bankruptcy case was closed.

On May 15, 2008, plaintiff filed the above-captioned cause of action against Norfolk Southern. In his three-count complaint, plaintiff alleges Norfolk Southern has not allowed him to return to work following an off-duty injury, while similarly situated non-African Americans were allowed to return to work. He also alleges he was disabled or perceived to be disabled, but that he was qualified to return to work without accommodation. Plaintiff is seeking money damages as well as equitable relief. In the motion before the Court, defendant moves to dismiss all claims against it on the basis of judicial estoppel. Defendant argues plaintiff failed to disclose his employment discrimination claims in his prior bankruptcy proceeding, and therefore, he is judicially estopped from raising them here.

*Discussion*

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting 18 Moore's Federal Practice § 134.30 (3d ed. 2000)). The purpose of judicial estoppel is to protect the integrity of the judicial process by preventing parties from playing "fast and loose with the courts to suit the exigencies of self interest." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999). Therefore, a party who takes a certain position in a legal proceeding, "and succeeds in maintaining that position," is prohibited from thereafter assuming a contrary position "simply because his interests have changed," especially if doing so prejudices the party "who acquiesced in the position formerly taken by him." New Hampshire, 532 U.S. at 748 (internal quotations and citations omitted).

The Supreme Court has outlined three factors to consider when applying the doctrine: (1) whether the party's later position was "clearly inconsistent" with the party's earlier position; (2) whether the party "has succeeded in persuading the court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51. The Supreme Court noted that these three factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. at 751.

The doctrine of judicial estoppel has been applied in the context of bankruptcy. When a party has previously filed for bankruptcy, he or she " may be judicially estopped from asserting a cause of

5

action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006) (citing Coastal Plains, 179 F.3d at 208). "A debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" Id. (quoting In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir.2004)). In the Stallings case, however, the Eighth Circuit specifically rejected a rule that would allow a debtor's non-disclosure in bankruptcy alone to provide the basis for the application of judicial estoppel. The Court of Appeals noted that such an approach "would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies." Id. at 1049. According to the Eighth Circuit, in cases such as these, district courts are to apply the three factors discussed in New Hampshire. Id. at 1047. Furthermore, there must be a requisite intent to deceive or manipulate the courts. Id. at 1049 ("[c]areless or inadvertent disclosures are not the equivalent of deliberate manipulation). The Eighth Circuit went further and noted that judicial estoppel "is an extraordinary remedy" and should only be applied "when a party's inconsistent behavior will result in a miscarriage of justice." Id.

Here, plaintiff's actions do not satisfy the factors outlined in New Hampshire v. Maine. As defendant implicitly admits in withdrawing its motion to dismiss on the basis of standing, plaintiff's discrimination claims were not part of the bankruptcy estate; they belong to plaintiff. The claims were not in existence when plaintiff filed for Chapter 13 protection or when the bankruptcy court confirmed plaintiff's Chapter 13 plan. Furthermore, the alleged misconduct giving rise to plaintiff's claims took place in July 2007 – before plaintiff's Chapter 13 bankruptcy proceeding was converted to a proceeding under Chapter 7. As both parties appear to acknowledge, plaintiff's discrimination claims did not become part of the bankruptcy estate as a result of the conversion. Property of the

6

estate upon conversion from Chapter 13 to a case under another chapter consists of "property of the estate, as of the date of filing the petition, that remains in the possession of or is under the control of the debtor on the date of conversion," unless there is evidence of bad faith. 11 U.S.C. § 348(f)(1)(A) & (2). See also In re Batten, 351 B.R. 256, 258 (Bankr. S.D. Ga. 2006) (holding tort claim, which arose post-petition, was not property of the estate, but belonged to the debtors and did not fall within the ongoing duty to disclose); Farmer v. Taco Bell Corp., 242 B.R. 435, 440 (W.D. Tenn. 1999) (holding personal injury claim that arose prior to voluntary conversion from Chapter 13 to Chapter 7, belonged, absent bad faith, to debtor). Because plaintiff's claims against Norfolk Southern were not part of the bankruptcy estate, the Court declines to find that in filing the present lawsuit, plaintiff has taken a "clearly inconsistent" position from the position he took in the bankruptcy proceeding. Farmer, 242 B.R. at 440 ("because the property did not become part of the bankruptcy estate, there is no reason to estop plaintiffs from pursuing the claim now because of their failure to schedule the claim.")

Furthermore, the Court does not find the statements plaintiff made to the bankruptcy trustee at the section 341 hearing, which were made under oath, to be inconsistent with the position he now takes, i.e., that he has claims against Norfolk Southern. Plaintiff answered in the negative when he was asked on October 12, 2007, whether he had "any lawsuits or claims [he] could file to recover any money or property?" The question was posed in the present tense, and at the time of the hearing, plaintiff did not have any claims or lawsuits he could file. Plaintiff's claims against Norfolk Southern arise under Title VII, the ADA and MHRA, all of which require administrative exhaustion. Because plaintiff had yet to receive a right-to-sue letter, plaintiff could not have filed a lawsuit against defendant at the time of the hearing. Furthermore, viewing the evidence in a light most favorable to

7

plaintiff, the Court finds it is likely that at the time of the hearing plaintiff did not view his dispute with Norfolk Southern to be a claim for money damages or property. As is evidenced by the demand letter, plaintiff was primarily concerned about reinstatement.

But even if the Court were to find plaintiff has taken an inconsistent position, and the bankruptcy court accepted plaintiff's prior inconsistent position in discharging his debt, (which is a specious conclusion because plaintiff's claims against Norfolk Southern were not part of the bankruptcy estate), the third factor of New Hampshire v. Maine is not met here. Plaintiff would not derive an unfair advantage if he were allowed to pursue his claims – claims that belong to him, not the trustee or his creditors. Moreover, continuation of the suit would not impose an unfair detriment on defendant. In fact, defendant would receive a windfall if plaintiff were to be estopped. The Court further finds there is no evidence of deliberate manipulation of the court system or intent to deceive. Plaintiff is layperson with a high school education. He informed his bankruptcy counsel of his possible claims against Norfolk Southern. While the claims were not added to plaintiff's bankruptcy schedules, they were not part of the bankruptcy estate and plaintiff did not even receive a right-to-sue letter from the EEOC until after his bankruptcy case was closed. Plaintiff was already in bankruptcy when he was allegedly discriminated against, he does not allege that Norfolk Southern's wrongdoings caused him to file for bankruptcy, and defendant was not one of his creditors. All of these facts weigh against the application of the doctrine of judicial estoppel in this case. See Stallings, 447 F.3d at 1049 (finding doctrine inapplicable because debtor/plaintiff did not intentionally misled the courts); Francis v. Arkansas Blue Cross & Blue Shield, 2007 WL 1965393, *2 (E.D. Ark. July 2, 2007) ("the [c]ourt cannot find that [p]laintiff will derive an unfair advantage over [defendant] if she is allowed to proceed with her employment discrimination claims"); Copeland

8

v. Hussmann Corp., 462 F. Supp.2d 1012, 1020 (E.D. Mo. 2006) (finding plaintiff, who received right to sue letter after bankruptcy case was closed, did not intentionally manipulate the judicial process); Taylor v. Comcast Cablevision of Ark., Inc., 252 F. Supp.2d 793, 796-97 (E.D. Ark. 2003) (finding an unsophisticated legal party that mistakenly omitted a claim on his bankruptcy schedule would not be judicially estopped from bringing the omitted claim).

After considering the facts of this case, and in light of the extraordinary nature of the remedy, the Court finds the application of judicial estoppel is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Norfolk Southern Railway Company's motion to dismiss or, in the alternative, for summary judgment is **DENIED**.  [Doc. 6]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   26th   day of November, 2008.